RYAN, Judge
(dissenting):
I agree that the offense of wrongful introduction of a controlled substance is not a strict liability offense. I part ways with the majority because nothing in or about either the structure of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000), or the specific offense of wrongful introduction, warrants interjection of an additional mens rea requirement.
The reasoning used by the majority gives me pause. In my view, the analysis required to answer the question presented is straightforward. As established by Congress, Article 112a, UCMJ, requires that an accused: (1) “wrongfully”; (2) commits one of the specified acts — “uses, possesses, manufactures, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces” a controlled substance.
Under the statute, the word “wrongfully” modifies each of the specified acts. See United States v. X-Citement Video, Inc., 513 U.S. 64, 68, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (holding that the “most natural grammatical reading” of a statute is when the initial adverb modifies each verb in a list of elements of a crime); United States v. Mance, 26 M.J. 244, 254 (C.M.A.1988) (reasoning that the element of “wrongfulness” is knowledge of the character of the substance involved and is the same as to the charges of drug possession or use). Thus, while the statute does not define “wrongfully,” however “wrongfully” is defined, it means the same thing with respect to each prohibited action that it modifies. See X-Citement Video, Inc., 513 U.S. at 68, 115 S.Ct. 464; Mance, 26 M.J. at 254.
The President defined “wrongful,” as used in the statute: “without legal justification or authorization.” Manual for Courts-Martial, United States pt. IV, para. 37.c.(5) (2005 ed.) (MCM). Nothing in that definition suggests that the meaning changes based on the specific act identified in the statute or that knowledge of the locus of an offense is a prerequisite to criminal liability. Rather, “introduction ... of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary.”[1] Id.
Moreover, the MCM definition is consonant with this Court’s past interpretation of “wrongful” to mean an accused’s knowledge of the existence of the drug or “awareness or consciousness of the physical presence of the drug on his person.” See United States v. Hughes, 5 C.M.A. 374, 377, 17 C.M.R. 374, 377 (1954). It is simply not the case that, absent the insertion of an additional mens rea that is not in the statute, wrongful introduction “impose[s] criminal liability without mens rea.” United States v. Thomas, 65 M.J. at 135 n.2 (C.A.A.F.2007).
In light of these factors, I cannot find a textual or analytical basis for importing into Article 112a, UCMJ, with respect only to the action of “introduces,” a new and different mens rea requirement — actual knowledge that Appellant was entering into or present on the military installation. Such an approach depends, in the first instance, on the premise that the statute “needs fixing,” because it is ambiguous. See Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992) (stating that “[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute’s meaning, in all but the most extraordinary circumstance, is finished”); United States v. Clark, 62 M.J. 195, 198 (C.A.A.F.2005) (reasoning that “if the statute is clear and unambiguous, a court may not look beyond it but must give effect to its plain meaning”) (citation and quotation marks *137 omitted). Based on the statute, the MCM provisions, and this Court’s case law, I see no ambiguity. And the majority opinion makes no effort to explain why, in light of these sources, the law is ambiguous.
It is similarly curious that legislative silence is apparently taken to create ambiguity — and that ambiguity is then cured, without further explanation, by resorting to the rule of lenity. It is not at all apparent how that rule, applied as needed where there is “ambiguity concerning the ambit of criminal statutes” to effectuate the principles that “fair warning should be given to the world[,] in language that the common world will understand, of what the law intends to do if a certain line is passed[,]” and that “legislatures and not courts should define criminal activity,” has any application here. United States v. Bass, 404 U.S. 336, 347-18, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (citations omitted), superseded by statute on other grounds, Pub.L. No. 99-308, § 104(b), 100 Stat. 459 (1986).
No one questions that Appellant knew of the nature of the drug and knew that he had it on his person. And no one suggests that he had either a legal justification or authorization to possess drugs. There is a “mind at fault.” Thomas, 65 M.J. at 134 (citation and quotation marks omitted). Consequently, in light of Article 112a, UCMJ, as it is drafted, Appellant’s plea was provident.
I respectfully dissent.

. I agree with Judge Baker that this does not yield an absurd result. United States v. Thomas, 65 M.J. at 139 (C.A.A.F.2007) (Baker, J., dissenting). Therefore, nothing suggests, let alone requires, the search undertaken by the majority for a less obvious interpretation. See Lamie v. United States Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).